# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| LESLIE L. MYERS, NAOMI J. MANALO and OLIVER A. MANALO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | C.A. No. N14C-03-091 |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, | ) ) ) ) |  |
| Defendant. | ) |  |

## OPINION

Date Submitted: October 27, 2014
Date Decided: January 26, 2015

*Upon Defendant Travelers Commercial Insurance Company's Motion to Dismiss Plaintiffs' Complaint Pursuant to Super. Ct. Civ. R. 12(b)(1) and 12(b)(6)*:
**GRANTED**.


John S. Spadaro, Esquire, John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375. Hockessin, DE 19707, Attorney for Plaintiffs.

Matthew A. Goldberg, Esquire (*pro hac vice*) (argued), DLA Piper LLP US, One Liberty Place, 1650 Market Street, Suite 4900, Philadelphia, PA 19103, Nancy Shane Rappaport, Esquire, Brian A. Biggs, Esquire, DLA Piper US LLP-Wilmington, 1201 North Market Street, Suite 2100, Wilmington, DE 19801, Attorney for Defendant Travelers.

# I. INTRODUCTION

Leslie L. Myers, Naomi J. Manalo, and Oliver A. Manalo (and others similarly situated) ("Plaintiffs") seek a declaration that Defendant Travelers Commercial Insurance Company ("Travelers") has acted improperly and in violation of Delaware law by adopting a practice under 21 *Del. C.* § 2118B whereby it unlawfully delays processing, payment, and denial of claims for Personal Injury Protection ("PIP"). Plaintiffs also seek a declaration that this practice constitutes a repudiation of the contractual obligations owed by Travelers to its Delaware automobile policyholders.

Travelers has filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to Superior Court Civil Rule 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief can be granted. Travelers argues that Plaintiffs lack standing to bring the lawsuit because they have failed to plead any injury in fact and, in the absence of any personalized harm, Plaintiffs' claim for declaratory relief does not present a live case or controversy that is ripe for adjudication.

# II. BACKGROUND

Travelers is a prolific underwriter of automobile insurance in Delaware, including first-party medical benefits for persons injured while driving or

2

occupying motor vehicles.[1] Plaintiffs are named insureds under automobile insurance policies issued by Travelers.[2]

21 *Del. C.* § 2118B governs the processing and payment of insurance benefits for personal injury protection.[3] The purpose of § 2118B "is to ensure reasonably prompt processing and payment of sums owed by insurers to their policyholders and other persons covered by their policies . . . and to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of such payments."[4] § 2118B(c) requires insurers to pay or deny a claim for first-party benefits "no later than 30 days following the insurer's receipt of . . . written request for first-party insurance benefits and documentation that the treatment or expense is compensable . . . ."[5] If an insurer fails to comply with this requirement, then the amount of unpaid benefits due from the insurer to the claimant is increased.[6]

Plaintiffs allege that Travelers has improperly "adopt[ed] a practice whereby it fails and refuses to either (a) reach a coverage determination on its insured's PIP

---

[1] Compl. ¶ 7 (Trans. ID. 55126055).
[2] *Id.* ¶¶ 3–5.
[3] *See* 21 *Del .C.* § 2118B.
[4] 21 *Del. C.* § 2118B(a).
[5] 21 *Del. C.* § 2118B(c).
[6] *Id.* ("If an insurer fails to comply with the provisions of this subsection, then the amount of unpaid benefits due from the insurer to the claimant shall be increased at the monthly rate of: (1) One and one-half percent from the thirty-first day through the sixtieth day; and (2) Two percent from the sixty-first day through the one hundred and twentieth day; and (3) Two and one-half percent after the one hundred and twenty-first day.").

claims, or (b) communicate such a determination to its insured, within the statutorily-required 30-day period under 21 *Del. C.* § 2118B."[7]

Plaintiffs seek a declaration that Travelers improperly exempts itself from the statutory 30-day period by routinely withholding coverage determinations pending results of independent medical examinations conducted only after the 30-day deadline has passed.[8]

## III.  PARTIES' CONTENTIONS

Travelers argues that Plaintiffs' Complaint must be dismissed: (1) Plaintiffs allege no injury in fact because they have not demonstrated that Travelers engaged in this allegedly unlawful practice with regard to them;[9] and (2) absent an alleged injury, Plaintiffs' claims are not ripe for adjudication.[10]

In opposition, Plaintiffs assert that "a litigant seeking declaratory relief need not have suffered actual harm . . . [r]ather it is enough that one party allege an invasion, erosion or deprivation of legal *rights*, while the other party disputes the allegation . . . ."[11] According to Plaintiffs, they have suffered an injury "by paying

---

[7] *Id.* ¶ 1.
[8] *Id.* ¶ 17.
[9] Defendant Travelers Commercial Insurance Company's Motion to Dismiss Plaintiffs' Complaint at 3–5 ("Mot. Dismiss") (Trans. ID. 55425393) ("Plaintiffs never allege that they sustained injuries covered by [their] polices, that they made a claim for those injuries under their polices, or that Traveler's failed to approve or deny those claims in accordance with § 2118B.").
[10] *Id.* at 6–7.
[11] Plaintiffs' Answering Brief in Opposition to Travelers' Motion to Dismiss at 6 (Trans. ID. 55568142) ("Pl.'s Ans. Br.") (internal quotations omitted).

4

substantial premiums for valuable contractual rights that Travelers is actively diluting and defeating . . . ."[12]

Plaintiffs also argue that their claims are ripe for adjudication because: (1) Plaintiffs paid premiums for the benefit of their bargain and they have a legitimate interest in a prompt resolution of the dispute; (2) if the dispute remains unresolved, Plaintiffs will face continued uncertainty regarding the nature and extent of the insurance protection they purchased; (3) absent judicial intervention, future developments will do nothing to resolve or better define the dispute; (4) the adjudication of the class action lawsuit will conserve judicial resources; and (5) Delaware's public policy for speed, particularly, its PIP statutes favor a finding for ripeness.[13]

Additionally, Plaintiffs maintain that "Travelers' practice of failing and refusing to comply with section 2118B's 30-day requirement constitutes a repudiation of the contractual obligations owed by Travelers' to its Delaware auto policyholders."[14] Plaintiffs assert that because anticipatory breach is a question of fact for the jury, it cannot properly be decided on a motion to dismiss.[15]

---

[12] *Id.* at 6.
[13] *Id.* at 12.
[14] Compl. ¶ 33.
[15] Pl.'s Ans. Br. at 13.

5

## IV. STANDARD OF REVIEW

The Court assumes that all well-pled facts in a complaint are true when considering a Motion to Dismiss under Superior Court Rule 12(b)(6).[16] Allegations are well-pled if they place the defendant on notice of the claim.[17] Although the pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[18]

## V. DISCUSSION

Jurisdiction to award declaratory relief exists only if an "actual controversy" exists between the parties.[19] Lack of an actual controversy will act as a bar to a party proceeding with a case requesting only declaratory relief. For an "actual controversy" to exist, four prerequisites must be satisfied:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination.[20]

---

[16] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, *6 (Del. Super. Aug. 5, 2011).
[17] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995).
[18] *Brevet Capital*, 2011 WL 3452821, at *6.
[19] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217 (Del. 2014).
[20] *XI Specialty*, 93 A.3d at 1217 (citing *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 479–80 (Del. 1989)).

Travelers contends that the ripeness requirement is not met.[21] "Delaware courts decline to exercise jurisdiction over a case unless the underlying controversy is ripe. . . ."[22] Unless a controversy is ripe, the action for declaratory relief constitutes a request for an advisory or hypothetical opinion and Delaware Courts do not issue advisory or hypothetical opinions. "The underlying purpose of [this] principle is to conserve judicial resources and to avoid rendering a legally binding decision that could result in premature and possibly unsound lawmaking"[23]

In determining whether a case is ripe for judicial review, the Court must undertake "a common sense assessment of whether the interests of the party seeking immediate relief outweigh the concerns of the court in postponing review until the question arises in some more concrete and final form"[24] The Delaware Supreme Court has explained that:

---

[21] Mot. Dismiss at 6–7.

[22] *XI Specialty*, 93 A.3d at 1217 (citing *Stroud*, 552 A.2d at 480)).

[23] *Id.  See also KLM Royal Dutch Airlines v. Checchi*, 698 A.2d 380, 382 (Del. Ch. 1997) ("Advisory opinions ill-serve the judicial branch and the public by expending resources to decide issues that may never come to pass. More importantly, the judiciary's role in the lawmaking process is an interstitial one, carried out by the application of legislative enactments and common law principles to concrete factual circumstances that have created real and present controversies. An action seeking declaratory relief is not exempt from these requirements and must present the court with an actual controversy that is ripe for judicial decision.").

[24] *XI Specialty*, 93 A.3d at 1217–18. In *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, the Delaware Court of Chancery identified five factors to help guide the Court in determining whether an issue is ripe for adjudication: (1) a practical evaluation of the legitimate interests of the plaintiff in a prompt resolution of the question presented; (2) the hardship that further delay may threaten; (3) the prospect of future factual development that might affect the determination made; (4) the need to conserve scarce resources; and (5) a due respect for identifiable policies of law touching upon the subject matter in dispute. 533 A.2d 1239, 1239 (Del. Ch. 1987).

Generally, a dispute will be deemed ripe if litigation sooner or later appears to be unavoidable and where the material facts are static. Conversely, a dispute will be deemed not ripe where the claim is based on uncertain and contingent events that may not occur, or where future events may obviate the need for judicial intervention.[25]

Although Plaintiffs need not have suffered actual harm, "an actual controversy must exist so that judicial resources are not wasted on hypothetical disputes or on situations in which a judicial declaration will not end the dispute between the parties."[26] Plaintiffs assert that the issue is not whether Travelers may properly conduct independent medical examinations, but rather, "whether Travelers may unilaterally exempt itself from section 2118B's 30-day deadline, particularly by withholding a coverage determination from its insured pending the results of [the independent medical examination]."[27]

In reality, Plaintiffs seek nothing more than a declaration reprimanding Travelers for allegedly adopting this practice. This controversy, so framed, amounts to request for an advisory opinion that is not ripe for adjudication.

Moreover, "[u]nder Delaware law, repudiation is an outright refusal by a party to perform a contract or its conditions entitling the other contracting party to treat the contract as rescinded."[28] Plaintiffs have failed to allege sufficient facts

---

[25] *XI Specialty*, 93 A.3d at 1217 (internal quotations omitted).
[26] *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 623 A.2d 1133, 1137 (Del. Super. 1992).
[27] Ans. Br. at 5.
[28] *CitiSteel USA, Inc. v. Connell Ltd. P'ship*, 758 A.2d 928, 931 (Del. 2000) (internal quotations omitted).

from which it can be reasonably inferred that Travelers' alleged practice constitutes a repudiation of the contractual obligations owed by Travelers to its Delaware automobile policyholders.

## VI. CONCLUSION

For the foregoing reasons, Defendant Travelers Commercial Insurance Company's Motion to Dismiss Plaintiffs' Complaint is **GRANTED.** Plaintiffs' Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

_____

Jan R. Jurden, President Judge